IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


LAFAYETTE INSURANCE COMPANY                                          PLAINTIFF


v.                                      No. 5:04CV00094 GH


ALTHEIMER OIL COMPANY; JOHNATHON
LEWIS COLE; AND LAUVERN P. JONES, as next
friend of HAYWOOD JONES, a minor                                    DEFENDANTS


**ORDER**

On March 10, 2004, plaintiff filed a complaint for declaratory relief that it owes no duty to defend or indemnify Altheimer Oil and/or Johnathon Lewis Cole under an insurance policy issued to Altheimer Oil in the personal injury case of <u>Jones v. Cole</u>, CV-3002-942-1, in the Jefferson County Circuit Court.  In <u>Jones</u>, Lauvern Jones ("Lauvern") alleges that Cole caused damages in an automobile accident on June 22, 2001 and that Altheimer Oil is liable to her because the vehicle in question was owned by Altheimer Oil, Cole was an employee of Altheimer Oil, and he was a permissive user of the vehicle.

Plaintiff filed a motion for summary judgment on January 24th supported by brief, exhibits and a separate statement of undisputed facts.  It states that Altheimer Oil purchased a Commercial Lines Policy on March 10, 2001 which included a 1992 Cadillac Deville that was owned by Bill Jones ("Bill"), the son of the owner of Altheimer Oil, Freida Jones.  Plaintiff contends that Cole purchased the Cadillac from Bill on or about May 26, 2001, and Cole was driving it on June 22, 2001 when he struck Haywood Jones causing him injuries.  It argues that Cole was the owner on the

vehicle at the time of the accident as both parties to the transaction have stated under oath the same occurred nearly a month before the accident even if Bill retained a security interest and the document of title was delivered at a different time or place; Cole was not an Altheimer Oil employee at the time of the accident because Altheimer Oil had been sold to Mallard Express; and that Cole was acting in his own interest when he was driving from his personal residence to K-Mart to buy a telephone for his home.  Plaintiff relies on the policy, sworn statements of Bill and Cole and exhibits.

That same date, plaintiff filed a motion for default judgment against Cole asserting that Cole was served on March 29, 2004 and has never filed an answer so that all the allegations are deemed to be admitted as to Cole that the Cadillac was purchased from Bill nearly a month before the accident and that Cole was not an employee

Lauvern filed a response to the summary judgment motion on February 17th along with a brief.  She asserts that the August 3, 2001 affidavit by Cole is inconsistent with his later statement taken on January 10, 2002 and that his answers to the leading questions show confusion and mistakes by Cole as to the dates when Bill and Cole first talked about the sale of the Cadillac, when the vehicle was actually delivered, and when the bills of sale were delivered.  Lauvern also points to the accident report which lists Bill as the owner of the vehicle.  She continues that further depositions are needed.  On March 3rd, Lauvern filed a controverting statement.

Altheimer Oil filed its response, brief, and controverting statement on February 18th, adopting Lauvern's response and also arguing that plaintiff has a duty to defend as the allegations in the state court state facts within the coverage of the policy.  It continues that, except for plaintiff obtaining defense counsel who filed an answer in the state proceeding, it is unclear what specific

conduct or actions on Altheimer's part forms the basis for the claim of liability in the underlying case.  Altheimer Oil also asserts that the statements of Cole and Bill are hearsay and not a proper basis for granting summary judgment.

On March 3rd, plaintiff filed a reply to the responses.  It counters that the statements taken from Cole and Bill were proper to preserve their statements since both are now difficult to find and that the alleged discrepancies in the statements are not material as Cole confirmed unequivocally that he definitely purchased the vehicle in question prior to the accident.  Plaintiff continues that declaratory judgments are a recognized method for adjudicating disputes as the coverage and that neither Lauvern nor Altheimer Oil have been actively trying to find Cole.

Summary judgment can properly be entered when there are no genuine material facts that can be resolved by a finder of fact; that is, there are no facts which could reasonably be resolved in favor of either party.  The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2512 (1986).  The non-moving party may not just rest upon his or her pleadings, but must set forth specific facts showing that there is a genuine issue for trial.  Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986); Civil Procedure Rule 56.  "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather the dispute must be outcome determinative under prevailing law."  Holloway v. Pigman, 884 F.2d 365, 366 (8th Cir. 1989).

The Court is persuaded that the accident report listing Bill as the owner of the vehicle by itself creates a material fact question that precludes summary judgment at this time.  That uncertainty is further enhanced by the apparent discrepancies in the statements of Cole and Bill.

-3-

The Eighth Circuit has addressed the issue of default judgment in <u>U.S. on Behalf of and for</u> <u>Use of Time Equipment Rental & Sales, Inc. v. Harre</u>, 983 F.2d 128, 130 (8th Cir. 1993) as follows:

> Both the entry of a default judgment and the ruling on a motion to set aside a default judgment are committed to the sound discretion of the district court. <u>Federal Trade Comm'n</u> <u>v. Packers Brand Meats, Inc.</u>, 562 F.2d 9, 10 (8th Cir. 1977) (per curiam) (<u>Packers</u>). Default judgments, however, are not favored by the law.

Likewise, 10A Fed. Prac. & Proc. Civ.3d § 2685, with footnotes omitted, provides:

> In determining whether to enter a default judgment, the court is free to consider a number of factors that may appear from the record before it. Among these are the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt.

Given the unresolved material fact questions as to the ownership of the vehicle, the Court is persuaded that default judgment against Cole is not warranted at this time. Plaintiff is free to renew its motion in the context of the June 6th bench trial

Accordingly, plaintiff's January 24th motion (#10) for summary judgment is denied. Plaintiff's January 24th motion (#13) for default judgment against Cole is denied without prejudice to renew in the context of the trial.

IT IS SO ORDERED this 26th day of September, 2005.

_George Howard Jr._
UNITED STATES DISTRICT JUDGE