IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LAFAYETTE INSURANCE COMPANY                                                    PLAINTIFF

v.                                          No. 5:04CV00094 GH

ALTHEIMER OIL COMPANY, ET AL.                                                 DEFENDANTS

**ORDER**

On March 21st, Altheimer filed a motion, pursuant to Ark. Code Ann. §23-79-209(a), for attorney fees in the amount of $5,627.00 and costs in the amount of $105.75. The motion is supported by brief and affidavits. Altheimer argues that it successfully defended this declaratory judgment action resulting in a voluntary dismissal of Altheimer on March 7th and so should be awarded its attorney's fees incurred in the defense of the action. Anticipating plaintiff's argument that the decree was entered without prejudice, Altheimer asserts that there is no requirement that the judgment or decree against the insurance company be with prejudice, that this statute – as opposed to other fee shifting statutes – provides fees to the insured only and not other prevailing parties, and the purpose of the statute is to protect insureds and not to punish insurers. In addition, Altheimer asks for costs under Civil Procedure Rule 54(d) in the successful defense of this action.

Plaintiff responded on March 30th that there is no judgment or decree from this Court against plaintiff since Altheimer – which did not object – was dismissed without prejudice so Altheimer is not entitled to attorney's fees under that statute; that the statute is penal in nature and is to be strictly construed; plaintiff would not have filed this action except for the actions of a third party; there is

-1-

potential for further litigation if Altheimer is named again in the pending or a re-filed state action; and Arkansas case law and this Court's prior opinion make clear, in contrast to a dismissal was prejudice, that dismissal without prejudice is not conclusive of the rights of the parties as no ruling was made on the merits and plaintiff remains free to bring the suit again if warranted. Plaintiff also contends that an award of costs is inappropriate as Altheimer is not a prevailing party and the deposition was not taken at the behest of plaintiff.

On April 4th, Altheimer filed a reply that the statute at issue does not contain "prevailing party" language. It continues that all claims against Altheimer were dismissed in the state action on July 19, 2005 so that those claims will be permanently barred if not re-filed by July 20th and so has no objection to withholding a ruling until after that date. Regarding the deposition costs, Altheimer states that the relevant fact is that plaintiff initiated this lawsuit resulting in the expenditure of the costs.

Altheimer filed a supplemental reply on August 10th that the potential for further litigation ceased to exist as of July 20th when Jones did not re-file her claims against Altheimer within the additional one year period. It states that because all possible claims asserted against Altheimer in the underlying lawsuit are now permanently barred, it cannot be disputed that Altheimer successfully defended this suit for a declaratory judgment under the policy resulting in judgment or decree of a court against plaintiff.

On August 18th, plaintiff filed a supplemental response that no judgment or decree has been entered against plaintiff as it voluntarily dismissed its claim against Altheimer without prejudice and the fact that the underlying claims against Altheimer may be time-barred does not magically convert the dismissal without prejudice in this case into a dismissal with prejudice. It continues that

no ruling was made on the merits of plaintiff's claims against Altheimer so the dismissal of Altheimer is not conclusive of the rights of the parties, and the Court – in keeping with the Arkansas Supreme Court's mandate to construe the applicable statute strictly – should decline to award fees as well as costs.

Ark. Code Ann. § 23-79-209 (a) provides: "In all suits in which the judgment or decree of a court is against a life, property, accident and health, or liability insurance company, either in a suit by it to cancel or lapse a policy or to change or alter the terms or conditions thereof in any way that may have the effect of depriving the holder of the policy of any of his or her rights thereunder, or in a suit for a declaratory judgment under the policy, or in a suit by the holder of the policy to require the company to reinstate the policy, the company shall also be liable to pay the holder of the policy all reasonable attorney's fees for the defense or prosecution of the suit, as the case may be."

The Court finds that following excerpt from the case of Crooked Creek, III, Inc. v. City of Greenwood, 352 Ark. 465, 470-471, 101 S.W.3d 829, 833 (2003), explains why plaintiff's voluntary dismissal of Altheimer without prejudice was not a judgment or decree of this Court against plaintiff:

> However, the law is well settled that a dismissal without prejudice is not an adjudication on the merits and will not bar a subsequent suit on the same cause of action. Middleton v. Lockhart, 344 Ark. 572, 43 S.W.3d 113 (2001); Magness v. McEntire, 305 Ark. 503, 808 S.W.2d 783 (1991); Benedict v. Arbor Acres Farm, Inc., 265 Ark. 574, 579 S.W.2d 605 (1979); Forschler v. Cash, 128 Ark. 492, 194 S.W. 1029 (1917).
>
> Where a dismissal is with prejudice, it is conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff. Hicks v. Allstate Ins. Co., 304 Ark. 101, 799 S.W.2d 809 (1990); (quoting Union Indem. Co. v. Benton County Lumber Co., 179 Ark. 752, 18 S.W.2d 327 (1929)). The words "with prejudice," when used in an order of dismissal, "have a definite and well known meaning; they indicate that the controversy is thereby concluded." Harris v. Moye's Estate, 211 Ark. 765, 767, 202 S.W.2d 360 (1947).

The order plainly states that the cause of action is dismissed without prejudice. The controversy was not concluded by the order. Therefore, the order is not an adjudication on the merits and will not support a plea of res judicata.

Thus, an award of attorney's fees is not available under Ark. Code Ann. §23-79-209(a).

The Eighth Circuit Court of Appeals discussed the award of costs in a voluntarily dismissed action in Sequa Corp. v. Cooper, 245 F.3d 1036, 1037-1038 (8th Cir. 2001), as set out below:

> Though we disagree with the court's conclusion that Sequa's voluntary dismissal of the action made defendants prevailing parties, we note that Rule 54(d)(1) simply provides that ordinarily costs shall be allowed "as of course" to the prevailing party "unless the court otherwise directs." We do not read Rule 54(d)(1) as impairing the inherent authority of a trial court to award costs incurred in defending an action prior to its voluntary dismissal by the plaintiff, even though a voluntary dismissal without prejudice means that neither party can be said to have prevailed. See Cantrell v. Int'l Bhd. of Elec. Workers, Local 2021, 69 F.3d 456, 458 (10th Cir. 1995) (en banc) (holding that district courts have the discretion to award costs when a party dismisses an action, with or without prejudice). Here, defendants incurred costs in defending the action before Sequa took its voluntary dismissal. We are satisfied the district court did not abuse its discretion in allowing defendants to recover their costs.

The Court is persuaded, under the facts of this case especially in light of the events in the underlying state action, that an award of costs is not warranted under Rule 54(d)(1).

Accordingly, Altheimer's March 21st motion (#52) for attorney fees and costs is hereby denied.

IT IS SO ORDERED this 20th day of October, 2006.

                                              *George Howard, Jr.*
                                         UNITED STATES DISTRICT JUDGE